an island in Lake Champlain half a mile from the mainland. Defendant's father from whom the purchase was made also owned the shore line opposite the island and for many years plaintiff and his predecessor were permitted to cross his land from the highway to the shore of the lake and to have boats there for the purpose of crossing to the island. Defendant succeeded to the shore land upon his father's death and has prevented plaintiff from continuing to cross his land. There was no grant of any easement in the deed to plaintiff's predecessor. Plaintiff claimed to be entitled to judgment upon the theories of implied grant and estoppel, by necessity and by prescription.

*Charles J. Vert* for appellant.

*John J. Tudge* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

WILLIAM MAHON, Respondent, *v.* SIGMUND ORBACH, Appellant.

*Negligence — elevators — injury from walking into unguarded elevator shaft.*

*Mahon* v. *Orbach*, 202 App. Div. 797, affirmed.

(Argued February 2, 1923; decided March 6, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 26, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant who was the owner of a factory building on East Ninety-first street in the city of New York. Plaintiff, a truckman in the special employ of one of defendant's tenants, walked into an open, unguarded elevator shaft and falling received the injuries complained of.

*Max L. Schallek* for appellant.

*Jacob Zelenko* and *Frederick L. Hackenburg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J., and CRANE, J.

---

FRANK CONTI, as Administrator of the Estate of ANNA CONTI, Deceased, Appellant, *v.* OPPENHEIMER CASING Co., INC., Respondent, Impleaded with Others.

*Appeal — order reversing judgment and directing dismissal of complaint — motion to dismiss appeal on ground of failure to stipulate for judgment absolute denied.*

Reported below, 202 App. Div. 743.

(Submitted February 26, 1923; decided March 6, 1923.)

MOTION to dismiss an appeal from a judgment, entered June 2, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The motion was made upon the ground that appellant had failed to stipulate for judgment absolute.

*Robert M. McCormick* for motion.

*Carl Ehlermann, Jr.,* opposed.

Motion denied, with ten dollars costs.

---

JOSEPH SCHOR, Appellant, *v.* BELLE MEADE FARM COLONY AND SANATORIUM et al., Respondents.

*Appeal — order reversing order to open default — appeal therefrom without permission dismissed.*

*Schor* v. *Belle Mead Farm Colony & Sanatorium,* 203 App. Div. 889, appeal dismissed.

(Submitted February 27, 1923; decided March 6, 1923.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 13, 1922, which